Hand-Delivered

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

**Charles Rorie,**
Plaintiff,

v.

**United States of America,**
Defendant.

FILED
CHARLOTTE, NC

JAN 0 6 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

Civil Action No.
3:26-cv-11-KDB

# COMPLAINT

(Federal Tort Claims Act – Administrative Negligence & Procedural Due Process)

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1346(b)(1)**, which grants exclusive jurisdiction to federal district courts over civil actions for money damages against the United States for injury caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment.
2. This action is brought under the **Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680**, and seeks monetary damages for **independent tortious conduct**, including administrative negligence, procedural due process deprivations, and post-decision misconduct.
3. **This action does not seek judicial review of a benefits determination**, does not request an award of Supplemental Security Income benefits, and does not require the Court to determine eligibility for benefits under the Social Security Act.
4. Plaintiff's injuries arise from **how the Social Security Administration handled administrative processes**, not from the substance of any benefits decision.
5. Plaintiff exhausted all administrative remedies as required by **28 U.S.C. § 2675(a)**. The Social Security Administration issued a written denial of Plaintiff's administrative tort claim on December 23, 2025.
6. Venue is proper pursuant to **28 U.S.C. § 1402(b)** because Plaintiff resides in this District and the acts and omissions giving rise to the claims occurred in substantial part within this District.

# II. PARTIES

7. **Plaintiff Charles Rorie** is a resident of North Carolina and a vulnerable adult with documented psychiatric disabilities.
8. **Defendant United States of America** is the proper defendant under the FTCA for tortious acts committed by employees of the Social Security Administration acting within the scope of their federal employment.

# III. FACTUAL BACKGROUND

## A. Plaintiff's Status and Vulnerability

9. Plaintiff has long-standing psychiatric disabilities and relies on administrative processes to access basic safety-net protections.
10. Because of Plaintiff's mental health conditions, **procedural safeguards, notice, and timely agency response were critically important** to prevent foreseeable harm.

## B. Administrative Failures and Negligent Conduct

11. Between 2023 and 2025, Plaintiff submitted medical records, representative revocation notices, and procedural filings to the Social Security Administration.
12. SSA employees **failed to properly log, process, maintain, or respond** to multiple submissions despite confirmed receipt.
13. SSA failed to update Plaintiff's representative status after receiving a formal revocation, leaving Plaintiff without effective procedural participation.

## C. Failure of Notice and Returned Certified Mail

14. In or around November 2025, certified mail sent by SSA was returned undelivered despite Plaintiff's correct address being on file.
15. This failure deprived Plaintiff of notice, response opportunity, and meaningful participation in administrative processes.

## D. Ignored Reopening and Reconsideration Requests

16. Plaintiff submitted formal requests for reconsideration, clarification, and reopening, supported by documentation and proof of delivery.

17. SSA failed to respond, acknowledge, or act on these submissions.

### E. Post-Decision Misconduct and Continuing Harm

18. Even after SSA had actual notice of Plaintiff's dire circumstances and congressional escalation, **SSA failed to take corrective action**.
19. The agency's continued inaction caused escalating psychological distress, housing instability, and loss of procedural access.

# IV. CLAIMS FOR RELIEF

# COUNT I

### Administrative Negligence (FTCA)

20. Plaintiff realleges paragraphs 1–19.
21. SSA employees owed Plaintiff a duty to perform **mandatory, ministerial administrative functions**. These duties were prescribed by agency regulations, internal procedures, and established administrative practices, leaving no element of policy judgment or discretion, including record maintenance, notice, response to filings, and representative updates.
22. SSA breached those duties by failing to:

- process submitted documents,
- maintain accurate records,
- provide notice,
- respond to procedural requests,
- act after confirmed receipt and congressional escalation.

23. These failures were **not discretionary policy decisions**, but violations of required administrative duties.
24. As a direct and proximate result of Defendant's negligent failure to perform mandatory administrative and procedural duties—independent of any benefits determination—Plaintiff suffered emotional distress, procedural deprivation, and foreseeable harm.

# COUNT II

**Procedural Due Process Violations**

25. Plaintiff realleges paragraphs 1–24.
26. SSA's conduct deprived Plaintiff of:

- notice,
- opportunity to be heard,
- meaningful access to administrative processes.

27. These deprivations constitute tortious conduct actionable under the FTCA because they resulted from negligent handling of mandatory procedures.
28. Plaintiff suffered compensable injury independent of any benefits determination.
29. The injuries alleged would have occurred regardless of whether any benefits were ultimately granted or denied.

# COUNT III

**Post-Decision Negligence & Continuing Tort**

29. Plaintiff realleges paragraphs 1–28.
30. After administrative decisions were issued, SSA engaged in **continued negligent conduct**, including failure to respond to reopening requests and failure to act after actual notice of harm.
31. Each day Defendant failed to perform mandatory administrative and procedural duties after actual notice compounded Plaintiff's injuries and constitutes a continuing tort.

# V. DAMAGES

35. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

- emotional and psychological injury,
- procedural deprivation,
- housing instability,
- medical exacerbation,
- loss of dignity and security.

36. This claim is based on procedural reliance and loss of opportunity, not on any representation concerning benefit eligibility or payment.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;
B. Award compensatory damages under the FTCA;
C. Award costs and allowable fees;
D. Grant such other relief as the Court deems just and proper.

This action is tried to the Court pursuant to 28 U.S.C. § 2402.

Respectfully submitted,

*[signature]*

Charles Rorie
Plaintiff, Pro Se
7311 Daerwood Pl.
Charlotte, NC 28215
Phone: 980-361-0991

Date: January 5, 2026