# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:26-CV-00011-KDB-DCK

| | |
|---|---|
| **CHARLES RORIE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss pro se Plaintiff Charles Rorie's Complaint for Lack of Jurisdiction (Doc. No. 16). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion.

## I.    LEGAL STANDARD

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute, *see* Fed. R. Civ. P. 12(b)(1), and Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) (Rule 12(b)(1) "addresses whether [a party] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim."). "[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quotation omitted); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

1

There is no presumption that a federal court has subject-matter jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). However, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). To determine whether subject matter jurisdiction is proper, the Court may consider evidence beyond the pleadings. *Evans*, 166 F.3d at 647.

## II.      FACTS AND PROCEDURAL HISTORY

Between 2023 and 2025, pro se Plaintiff Charles Rorie sent medical records and other information to the Social Security Administration ("SSA") in support of his application for Social Security Disability benefits. Doc. No. 1 ¶ 11. He asserts that SSA employees failed to "properly log, process, maintain, or respond to" these filings. *Id.* ¶ 12. Likewise, Rorie alleges that the SSA also failed to update his "representative status," even though he provided them with "representative revocation notices." *Id.* ¶¶ 11, 13. Rorie also contends that despite having his correct address on file, certified mail sent by the SSA in November 2025 was not delivered to him and was instead returned to the SSA, depriving him of "notice, response opportunity, and meaningful participation in administrative process." *Id.* ¶¶ 14–15. Finally, Rorie asserts that after being denied benefits, he made requests for reconsideration to which the SSA did not respond. *Id.* ¶¶ 16–17.

On November 20, 2025, Rorie filed with the Court an appeal of the SSA's decision to deny him disability benefits. *See* 3:25-cv-927-SCR. That matter remains pending. *See id.* On January 6, 2026, shortly after the SSA denied Rorie's administrative tort claim, Rorie filed the present action under the Federal Tort Claims Act ("FTCA") alleging negligence and due process violations by the SSA in its handling of his denied Social Security Disability claim. Doc. No. 1 ¶¶ 5, 20–31.

2

On May 23, 2026, the SSA moved to dismiss the matter for lack of subject matter jurisdiction. Doc. No. 16. The parties have fully briefed the issues, and the motion is now ripe for disposition.

### III.   DISCUSSION

Rorie alleges that the SSA violated the FTCA because it failed to "process submitted documents, maintain accurate records, provide notice, respond to procedural requests, and act after confirmed receipt and congressional escalation." Doc. No. 1 ¶¶ 20–22. He contends that because of the SSA's "administrative negligence," his right to procedural due process was violated. *Id.* ¶¶ 26–29. Rorie also alleges that the SSA continued its "negligent conduct" even after denying his benefits, because it failed to respond to his requests to reopen the matter. *Id.* ¶¶ 30–31. As a result, Rorie claims to have suffered "emotional and psychological injury, procedural deprivation, housing instability, medical exacerbation, and loss of dignity and security." *Id.* ¶ 35.

Rorie asserts subject matter jurisdiction under § 1346(b)(1), which grants exclusive jurisdiction over civil actions for money damages to federal district courts. 28 U.S.C. § 1346(b)(1). In its Motion to Dismiss, the SSA argues that 42 U.S.C. § 405(h) bars Rorie from bringing his claims under the FTCA, and as such this Court does not have subject matter jurisdiction over this action under 28 U.S.C. § 1346(b)(1). Doc. No. 16-1 at 3. The Court agrees.

The United States, as a sovereign, is immune to suit "absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). A plaintiff must show both an "unequivocal waiver of sovereign immunity" and that "none of the statute's waiver exceptions apply" to his claim. *Id.* at 651. Should a plaintiff "fail[] to meet this burden, then the claim must be dismissed." *Id.*

3

One such express waiver of the United States' sovereign immunity is the FTCA. *Garcia v. Army Dep't of Def.*, No. 3:24-CV-00681-KDB-SCR, 2025 WL 2417735, at \*2 (W.D.N.C. May 28, 2025), *aff'd sub nom. Garcia v. United States*, No. 25-1713, 2025 WL 3707767 (4th Cir. Dec. 22, 2025). The FTCA waives immunity for "personal injury … caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, 42 U.S.C. § 405(h) provides a limitation on the FTCA as a waiver of sovereign immunity. *Jarrett v. United States*, 874 F.2d 201, 203 (4th Cir. 1989). Section 405(h) states, in relevant part, that "no action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of title 28 to recover on any claim *arising under this subchapter*." *Id.* (alteration in original) (quoting 42 U.S.C. § 405(h)). The subchapter referenced is Title II, which includes disability insurance programs under the Social Security Act. *Id.* In other words, a plaintiff may not sue the government under the FTCA for any claim "arising under" the Social Security Act. *Id.*

A claim "aris[es] under" the Social Security Act "when the [Act] 'provides both the standing and substantive basis for the plaintiff's claims." *Lucas v. United States*, No. 2:18-CV-59-FL, 2020 WL 1702224, at \*4 (E.D.N.C. Apr. 7, 2020), *aff'd,* 823 F. App'x. 176 (4th Cir. 2020) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975)). In *Lucas*, the plaintiff—having been denied spousal benefits under the SSA—brought suit under the FTCA, alleging negligence in the processing of her benefits application and in the maintenance of agency records. *Id.* at \*4. Because the denial of spousal benefits under the SSA "provide[d] the standing and substantive basis" for the plaintiff's claims, they were barred under § 405(h). *Id.* So, it is well established that a negligence or due process claim "arising from the SSA's handling of the administration and recovery of [an SSA claim] clearly 'arises under' the Social Security Act" and is therefore barred

4

by § 405(h). *See Salfi,* 422 U.S. at 762 (Section 405(h)'s reach is "not limited to decisions … on issues of law or fact." Indeed, it "extends to any 'action' seeking to 'recover on any (Social Security) claim'").

Here, Rorie alleges that the SSA negligently failed to perform mandatory and ministerial administrative functions, including "process[ing] submitted documents[ and] maintain[ing] accurate records." Doc. No. 1 ¶ 22. These inactions allegedly deprived him of "notice, opportunity to be heard, and meaningful access to administrative processes." *Id.* ¶¶ 21, 26. Thus, his claims arise under the Social Security Act because they relate to the SSA's administration and handling of Rorie's disability claim and they are therefore barred by § 405(h).[1]

Although Rorie repeatedly asserts that his alleged injuries occurred independently from his benefits determination regarding his Social Security Disability claim, the alleged "independence," Doc. No. 1 ¶¶ 2–3, is insufficient to overcome the "clear language" of § 405(h). *Jarrett,* 874 F.2d at 204. Statements that a plaintiff only seeks judicial review on their stated tort or due process issues and not on any issues regarding the original Social Security Disability claim cannot circumvent § 405(h). *See Whitman v. Soc. Sec. Admin.,* No. 1:24-CV-1376-PTG-WEF, 2025 WL 1357428, at *7 n.15 (E.D. Va. Apr. 1, 2025), *report and recommendation adopted,* No. 1:24-CV-1376 (PTG/WEF), 2025 WL 1699346 (E.D. Va. June 17, 2025) (quoting *Stansberry v. United States*, No. 4:18-CV-01563-KAW, 2018 WL 5619741, at *8 (N.D. Cal. Oct. 29, 2018)) ("[C]ourts have frequently 'dismissed claims deceptively pled as tort or non-SSA claims because they … arose under the Social Security Act.'"); *Stansberry*, 2018 WL 5619741, at *5, 8 (dismissing claims

---

[1] To the extent that Rorie may be asserting a procedural due process claim under a *Bivens*-based theory, *Schweiker v. Chilicky*, 487 U.S. 412 (1988) forecloses it. *See Jarrett,* 874 F.2d at 205 (explaining that *Chilicky* held that the Social Security Act provides no monetary remedy against officials whose unconstitutional conduct results in the wrongful denial of benefits).

as barred under 405(h) even where the plaintiff alleged that "she does not seek judicial review of any decision rendered by the SSA and instead seeks damages for…negligent handling.").

Accordingly, because Rorie's claims are jurisdictionally barred under § 405(h), the Court lacks subject matter jurisdiction and must grant the Motion to Dismiss.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Defendant's Motion to Dismiss (Doc. No. 16) is **GRANTED;** and

2.  The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.
Signed: July 10, 2026

Kenneth D. Bell
United States District Judge